# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MONTA MCKINNEY,** : | |
| : | |
| **Plaintiff** | CIVIL ACTION NO. 3:18-2013 |
| : | |
| v | |
| : | (JUDGE MANNION) |
| **COMMONWEALTH OF** | |
| **PENNSYLVANIA,** *et al.*, : | |
| : | |
| **Defendants** : | |

## MEMORANDUM

Presently before the Court is Plaintiff's *pro se* complaint, filed in the above captioned civil rights action pursuant to 42 U.S.C. §1983, (Doc. 1), and motions to proceed *in forma paupers* (Docs. 2, 7). Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), the Court will screen the complaint, grant Plaintiff's motion for leave to proceed *in forma pauperis,* and dismiss the complaint without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

**I.  Background**

Plaintiff, Monta McKinney, an inmate currently confined in the Dauphin County Prison, Harrisburg, Pennsylvania, filed the above captioned action pursuant to 42 U.S.C. §1983. (Doc. 1). The named Defendants are the Commonwealth of Pennsylvania; Brian Clark, Dauphin County Warden; and Prime Care Medical Department. Id.

McKinney alleges that on September 1, 2018, while housed on the top

bunk in the Dauphin County Housing Unit F-22, "he got up to use the bathroom and fell to the floor on his right knee, injuring it in the process", as "the bunk beds in the cells of the Dauphin County Jail do not have any step ladders or hand rails to support one going up and down from the top bunk and is a hazard." Id. Plaintiff states that he "reported this to the correction officer on duty and was told to put a request slip into the Medical Dept." Id.

On September 7, 2018, Plaintiff states that he was "finally called to the Medical Dept. and forced to walk on the bad knee for this period of time, prescribed Motrin, given Bottom Bunk Status and scheduled for x-rays which were taken on September 10, 2018, no results as of yet." Id.

Plaintiff claims that he is "in constant pain and can hardly walk or stand and when relaxing can only bend the knee a certain way." Id.

On October 17, 2018, Plaintiff filed the instant action in which he alleges that "the prison staff was negligent in not getting Plaintiff to the Medical Dept. sooner, as in the same day of the incident" and the staff "was also negligent by only prescribing Motrin and bottom bunk status and not giving the Plaintiff a knee wrap to help stabilize the knee or prescribe a brace." Id. Plaintiff claims that the "prison was also negligent for not having a support system such as step ladders or hand rails to get up and down off the top bunk." Id. For relief, Plaintiff seeks compensatory and punitive damages. Id.

## II. Legal Standard

Pursuant to 28 U.S.C. §1915A, federal district courts must "review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §1915A(a). If a complaint fails to state a claim upon which relief may be granted, the court must dismiss the complaint. 28 U.S.C. §1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding *in forma pauperis* and prisoners challenging prison conditions. See 28 U.S.C. §1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim on which relief may be granted...."); 42 U.S.C. §1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action ... fails to state a claim upon which relief can be granted.").

In dismissing claims under §§1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v.

Koons, Civ. No. 15-1757, 2017 WL 3016165 at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under §1915A(b)(1), §1915(e)(2)(B)(ii), or §1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp.2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to §1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " Iqbal, 556 U.S. at 679 (citing Fed.R.Civ.P. 8(a)(2) ). When evaluating the plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See Iqbal, 556 U.S. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the

court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. Bell Atl. Corp v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the context of *pro se* prisoner litigation specifically, a district court must be mindful that a document filed *pro se* is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S. at 106) (internal quotation marks omitted).

## III. Discussion

### A. Eighth Amendment Conditions of Confinement

The Eighth Amendment's prohibition of cruel and unusual punishment does not only restrain affirmative conduct, such as the use of excessive force against prisoners. See, e.g., Hudson v. McMillian, 503 U.S. 1, 5 (1992). It also imposes a duty on prison officials to provide humane conditions of confinement and to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Id. at 828. A substantial risk of serious harm "may be established by much less than proof of a reign of violence and terror," but requires more than a single incident or isolated incidents. See Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir.1985). To determine whether officials operated with deliberate indifference, courts question whether they consciously knew of and disregarded an excessive risk to the prisoner's well being. Farmer, 511 U.S. at 840–44. Not only must a prison official be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but the official "must also draw the inference." Farmer, 511 U.S. at 837. "[A] prison official is deliberately indifferent when he *knows or should have known* of a sufficiently serious danger to an inmate." Young

v. Quinlan, 960 F.2d 351, 361 (3d Cir. 1992) (emphasis in original). The term "should have known" is a term of art, which

> [d]oes not refer to a failure to note a risk that would be perceived with the use of ordinary prudence. It connotes something more than a negligent failure to appreciate the risk ..., though something less than subjective appreciation of that risk. The "strong likelihood" of [harm] must be "so obvious that a lay person would easily recognize the necessity for" preventative action. [T]he risk of ... injury must be not only great, but also sufficiently apparent that a lay custodian's failure to appreciate it evidences an absence of any concern for the welfare of his or her charges.

Id. (quoting Colburn v. Upper Darby Twp., 946 F.2d 1017, 1025 (3d Cir. 1991)) (citation omitted, alterations in original). "Mere negligence claims do not constitute 'deliberate indifference.' " Innis v. Wilson, 334 Fed.Appx. 454, 475 (3d Cir. 2009) (*per curiam*). As such, prison officials are not subject to liability as the result of negligent acts that cause unintended injury to inmates. Daniels v. Williams, 474 U.S. 327 (1986)(holding that inmate who was injured when he slipped on a pillow that was negligently left on the stairs by deputy sheriff does not state claim under §1983).

Plaintiff's allegations fail to establish a substantial risk of harm. Plaintiff fails to allege evidence of any prior incident in which Defendants were on notice of a danger and deliberately disregarded it. See Innis v. Wilson, 334 Fed. Appx. 454, (3d Cir. 2009) (claim against maintenance staff as to table

7

that collapsed properly dismissed; no allegation that staff were aware of risk of serious harm and failed to take steps); Simpson v. Horn, 25 F. Supp. 2d 563, 571 (E.D. Pa. 1998) (no conditions claim where inmate only complained of rashes and two small cuts from edge of bed). As such, McKinney cannot establish a substantial risk of serious harm through a single incident. Wallace v. Doe, 512 Fed.Appx. 141, 144 (3d Cir. 2013) (per curiam) (quoting Riley, 777 F.2d at 147).

### B. **Eighth Amendment Medical Claim**

In order to establish an Eighth Amendment medical claim, a plaintiff must show "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). See also Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that a layperson would recognize the need for a doctor's attention. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). In addition, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the

eighth amendment." Id.

A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment..." Estelle v. Gamble, 429 U.S. 97, 106 (1976). For instance, a "medical decision not to order an x-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." Id., 429 U.S. at 107. "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990). Further, a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment. See White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). In sum, negligence, unsuccessful medical treatment, or medical malpractice does not give rise to a §1983 cause of action, and an inmate's disagreement

9

with medical treatment is insufficient to establish deliberate indifference. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993).

Further, a prison administrator cannot be found deliberately indifferent under the Eighth Amendment because he or she fails to respond to the medical complaints of an inmate being treated by a prison physician, or because, as non-physicians, they defer to the medical judgment of the inmate's treating physicians. Id., 991 F.2d at 69. If, however, non-medical prison personnel had "a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner," liability may be imposed. Spruill, 372 F.3d 236.

A mere difference of opinion between the prison's medical staff and the inmate regarding the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment. Farmer v. Carlson, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988). See McCracken v. Jones, 562 F.2d 22, 24 (10th Cir. 1977); Smart v. Villar, 547 F.2d 112, 113 (10th Cir. 1976).

Additionally, if there is a dispute over the adequacy of the received treatment, courts have consistently been reluctant to second guess the medical judgment of the attending physician. Little v. Lycoming County, 912 F. Supp. 809, 815 (M.D. Pa.), aff'd, 101 F.3d 691 (3d Cir. 1996). The key

question is whether the defendant has provided the plaintiff with some type of treatment, regardless of whether it is what the plaintiff desires. Farmer v. Carlson, 685 F. Supp. at 1339.

By Plaintiff's own account, he received medical treatment and medication at Dauphin County Prison. To the extent that Plaintiff is dissatisfied with the treatment received, i.e., not receiving an x-ray until three days after the injury and only prescribing Motrin, such allegations, at best, demonstrate Plaintiff's disagreement with medical treatment. Though he may have preferred a different medication, such disagreement is not enough to state a §1983 claim. Spruill, 372 F.3d 235, (holding that "[m]ere disagreement as to the proper medical treatment is" insufficient to state a constitutional violation); Gause v. Diguglielmo, 339 Fed.Appx. 132, 136 (3d Cir. 2009) (a dispute over the choice of medication does not rise to the level of an Eighth Amendment violation). This is particularly true in light of the fact that there are no allegations in the amended complaint that the Defendants intentionally withheld medical treatment from Plaintiff in order to inflict pain or harm upon him. See Farmer, 685 F.Supp. at 1339; Rouse, 182 F.3d at 197.

The allegations in Plaintiff's complaint amount to nothing more than his subjective disagreement with the treatment decisions and medical judgment of the medical staff at the prison. White, 897 F.2d. at 103, (observing that "a

prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference"). Claims of medical malpractice and disagreements as to the proper course of medical treatment simply do not suffice to satisfy the deliberate indifference standard. See Monmouth Cnty., 834 F.2d at 346. Courts will not second guess whether a particular course of treatment is adequate or proper. See Parham v. Johnson, 126 F.3d 454, 458 n.7 (3d Cir. 1997); (quoting Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979)). Based on the foregoing, Plaintiff's complaint fails to articulate a plausible civil rights claim against the Defendants.

### C. **Personal Involvement**

It is well established that personal liability in a civil rights action cannot be imposed upon a state official based on a theory of *respondeat superior*. See, e.g., Rizzo v. Goode, 423 U.S. 362 (1976). It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a civil rights case and that a complaint must allege such personal involvement. Sutton v. Rasheed, 323 F.3d 236, 249–250 (3d Cir. 2003). Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. Id. As the Court stated in Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs.... [(Docs. 2, 7) P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

Aside from naming Warden Clark in the caption of the complaint, there are no allegations in the body of the complaint against this Defendant. There is no evidence of record that this Defendant was personally involved in any of the alleged incidents of constitutional deprivation. Thus, it is apparent that Plaintiff is attempting to impose liability on Warden Clark on the basis of *respondeat superior*. As such, Defendant, Warden Clark is entitled to dismissal.

## IV. Leave to Amend

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3rd Cir. 2002). Since it is clear from Plaintiff's complaint that Plaintiff received adequate medical treatment at the Dauphin County Prison, and merely disagrees with the treatment he received, as well as the facts he alleges with respect to failure to have a ladder are nothing more than negligence at best, the Court finds that

13

amendment on these claims would be futile.

## V. Conclusion

For the foregoing reasons, Plaintiff's motions for leave to proceed *in forma pauperis* (Docs. 2, 7) will be granted, and Plaintiff's complaint (Doc. 1), will be dismissed without prejudice. An appropriate Order follows.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: December 13, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-2013-01.wpd